Chambers v. Garland

BIA
Poczter, IJ
A087 548 195

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8ᵗʰ day of July, two thousand twenty-two.

PRESENT:
>	JOSEPH F. BIANCO,
>	WILLIAM J. NARDINI,
>	STEVEN J. MENASHI,
>		*Circuit Judges.*

_____

ANDREW ST AUBYN CHAMBERS, AKA ANDREW CHAMBERS, AKA ANDREW CHAMBE,
>	*Petitioner,*

v.									20-1019
									**NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>	*Respondent.*

_____

| | |
|---|---|
| **FOR PETITIONER:** | Craig Relles, Esq., White Plains, NY. |
| **FOR RESPONDENT:** | Jeffrey Bossert Clark, Assistant Attorney General; Shelley R. Goad, Assistant Director; Tim Ramnitz, Attorney, Office of Immigration |

Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED for lack of jurisdiction.

Petitioner Andrew St. Aubyn Chambers, a native and citizen of Jamaica, seeks review of a February 25, 2020 decision of the BIA affirming a June 28, 2018 decision of an Immigration Judge ("IJ"), which denied withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Andrew St Aubyn Chambers,* No. A 087 548 195 (B.I.A. Feb. 25, 2020), *aff'g* No. A 087 548 195 (Immigr. Ct. N.Y.C. Jun. 28, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have jurisdiction to review petitions for review filed within 30 days of a "final order of removal." 8 U.S.C. § 1252(a)(1), (b)(1). We lack jurisdiction here because the 2020 BIA decision—the only decision from which the petition would be timely—is a decision in a "withholding-only" proceeding that does not constitute a final order of removal. *See Bhaktibhai-Patel v. Garland*, 32 F.4th 180, 191 (2d Cir. 2022) ("Any decision an immigration judge makes during

2

withholding-only proceedings is . . . not itself a final order of removal and does not merge into an alien's final order of removal." (internal quotation marks and alteration omitted)).

Chambers was ordered removed in November 2010 but reentered the United States without permission. Certified Administrative Record ("CAR") at 551. The Department of Homeland Security reinstated his removal order in May 2014. CAR at 548; *see* 8 U.S.C. § 1231(a)(5). Chambers expressed a fear of returning to Jamaica and was referred to an IJ for withholding-only proceedings. CAR at 519-20; *see* 8 C.F.R. § 208.31. An IJ denied Chambers's application for withholding of removal and CAT relief, and the BIA affirmed that decision in February 2020. CAR at 3-4, 40-45. Chambers petitioned for review on March 20, 2020.

We have held that "[d]ecisions made during withholding-only proceedings cannot qualify as orders of removal" because decisions regarding eligibility for withholding and CAT relief "do not determine whether the alien is deportable or order deportation." *Bhaktibhai-Patel*, 32 F.4th at 190 (internal quotation marks and alteration omitted). Accordingly, we have jurisdiction only if Chambers's petition is otherwise timely to challenge a final order of removal.

3

*See* 8 U.S.C. § 1252(a)(1), (b)(1). However, the only decisions here that constitute reviewable final orders are Chambers's original 2010 removal order and the 2014 decision reinstating that order. Chambers's March 2020 petition for review is not timely to challenge either decision. *See Bhaktibhai-Patel*, 32 F.4th at 191–93; *see also* 8 U.S.C. § 1252(b)(1) (establishing a 30-day deadline for petition for review); *Luna v. Holder*, 637 F.3d 85, 92 (2d Cir. 2011) ("Th[e] 30-day filing requirement is jurisdictional and is not subject to equitable tolling." (internal quotation marks omitted)).

For the foregoing reasons, the petition for review is DISMISSED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4